NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNEL J. HENDERSON, : | |
| : | Civil Action No. 11-3576 (SRC) |
| Plaintiff, : | |
| v. : | OPINION |
| EQUABLE ASCENT FINANCIAL, LLC., : | |
| Defendant. : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion by Defendant Equable Ascent Financial, LLC ("Defendant") to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Jennel J. Henderson ("Plaintiff") filed no opposition to the motion. For the reasons that follow, and because there is not the slightest suggestion that the Complaint could be cured upon amendment, the Court grants the motion, dismissing the Complaint in its entirety with prejudice.

BACKGROUND

This case originated with the filing of a Complaint by Plaintiff, alleging that Defendant furnished inaccurate account information to credit reporting agencies, in violation of the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681s *et seq.* Plaintiff's Complaint also alleges that Defendant's furnishment of inaccurate information constitutes negligence and breach of contract. Plaintiff originally filed his Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Union County. Defendant, an Illinois corporation, removed the

matter to the United States District Court for the District of New Jersey on June 21, 2011. On July 26, 2011, Defendant filed the instant motion to dismiss.

## STANDARD OF REVIEW

**A.**     **Motion To Dismiss Under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 127 S. Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d § 1357 at 340 (2d ed. 1990)).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. *Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." *New York v. Hill*, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## ANALYSIS

A.  **Defendant's Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Complaint for failure to state a valid claim for relief under the FCRA. In brief, Plaintiff's Complaint alleges the following facts:

> [Defendant] failed to show plaintiff a contact that makes him [sic] liable in relation to a [sic] charged off account number[s] 35744 and 35614 . . . [D]efendants . . . violated the Act as pled herein and as to be discovered [and] were negligent. . . . [D]efendants . . . illegally produced and disseminated incorrect information on or about 11/1/2011, thus causing special, general and punitive damages. Defendants . . . produced or created, or caused to be produced or created, disseminated or published, or caused to be disseminated or published, incorrect and false information pertaining to plaintiff on or about 11/1/2010 to credit reporting agencies, namely Experian, Equifax, and Trans Union, causing plaintiff damages . . . .

(Compl. ¶¶ 5, 7-10.) Plaintiff further asserts that, prior to Defendant's dissemination of incorrect information, his credit record was good, and he "had good standing in the community . . . had a job. . . etc." (Compl. ¶ 6.)

Defendant contends that the foregoing allegations do not state a claim upon which relief can be granted, because (1) no private right of action exists for alleged violations of Section 1681s-2(a) of the FCRA; (2) Plaintiff makes no allegation that he filed a dispute with a credit reporting agency, thus he has no claim under Section 1681s-2(b) of the FCRA; and (3) to the extent that Plaintiff's Complaint states common law claims, these are preempted by the FCRA.

    1.    **FCRA Claims**

The FCRA, which was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy," imposes certain duties upon furnishers of credit information. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009) (quoting *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, L. Ed. 2d 1045) (2007). First, 15 U.S.C. § 1681s-2(a) provides that persons who furnish data to

consumer reporting agencies must provide accurate information.  However, there is no private right of action for consumers to enforce this duty against furnishers of information.  *See*, *e.g.*, *Huertas v. Galaxy Asset Mgmt.*, 2011 U.S. App. LEXIS 7397, at **11-16 (3d Cir. Apr. 1, 2011) (affirming the District Court's dismissal of plaintiff's claim under 15 U.S.C. § 1681s-2(a)(1)(A)); *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 445 (D.N.J. 2010) (noting that Congress did not create a private cause of action to enforce Section 1681s-2(a), and instead, through Section 1681s-2(d), required the obligations therein to be enforced exclusively by the government entities identified in other portions of the Act).  Rather, if a consumer disputes the accuracy of information provided by a data furnisher, the consumer may notify the credit reporting agency of his or her dispute, whereupon the agency is required to conduct a reasonable reinvestigation.  *See* 15 U.S.C. § 1681i(a)(1)(A).  Within five days of receiving notice of the consumer's dispute, the credit reporting agency must also notify "any person who provided any item of information in dispute..." 15 U.S.C. § 1681i(a)(2).  This triggers a second duty imposed upon data furnishers: after receiving notice from the credit reporting agency, the furnisher must conduct its own investigation, and report back to the agency on the accuracy of the disputed information.  15 U.S.C. § 1681s-2(b)(1).[1]  District Courts in the Third Circuit have held that consumers have a

---

[1] The full text of this subsection provides:
After receiving notice pursuant to section 611(a)(2) [15 U.S.C. § 1681i(a)(2)] of a dispute with regard to the completeness and accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 U.S.C. § 1681i(a)(2)];
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for

private right of action under Section 1681s-2(b) to enforce the furnisher's duty to investigate. *See Martinez v. Granite State Mgmt. & Res.*, 2008 U.S. Dist. LEXIS 94995, at *5 (D.N.J. Nov. 20, 2008) (citing *Krajewski v. American Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608 (E.D. Pa. 2008)); *see also Bartley v LVNV Funding, LLC*, 2010 U.S. Dist. LEXIS 64037, at *9 (D.N.J. June 28, 2010). To state a claim against a furnisher of information, the plaintiff "must plead that [he]: (1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Martinez*, *supra*, 2008 U.S. Dist. LEXIS 94995, at *6 (citing *Ruff v. America's Servicing Co.*, 2008 U.S. Dist. LEXIS 33447, at *4 (W.D. Pa. Apr. 23, 2008)); *see also Schroeder v. Verizon Pa., Inc.*, 2011 U.S. Dist. LEXIS 72416, at *19 (M.D. Pa. June 16, 2011); *Cosmas v. Am. Express Centurion Bank*, 2010 U.S. Dist. LEXIS 58780, at **22-23 (D.N.J. June 11, 2010). The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute. *See Bartley*, *supra*, 2010 U.S. Dist. LEXIS 64037, at *8; *see also Dimedio v. HSBC Bank*, 2009 U.S. Dist. LEXIS 52238, at *7 (D.N.J. June 22, 2009) (citing *Young v. Equifax Credit Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)).

Plaintiff fails to articulate facts showing that Defendant breached the requirements of the FCRA. *See Twombly, supra*, 127 S. Ct. at 1974. Though Plaintiff does not cite the FCRA in his Complaint, he alleges that Defendant illegally and negligently reported false or inaccurate

---

purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

information to credit reporting agencies, allegations which necessarily implicate Defendant's duties under the FCRA as a furnisher of consumer credit information. *See Evantash v. G.E. Cap. Mrtg. Servs.*, 2003 U.S. Dist. LEXIS 23131, at *1 n.1 (E.D. Pa. Nov. 5, 2003) (defining a "furnisher of credit information" under the FCRA as "an entity 'which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA and Trans Union LLC.'") (internal citation omitted). Plaintiff unmistakably seeks to enforce Defendant's duty to verify the accuracy of its information, independent of a notice of dispute from the credit reporting agencies. Indeed, Plaintiff asserts that he is "willing to dismiss his complaint" if Defendant notifies the credit bureaus to remove the inaccurate information related to Plaintiff's accounts. (Compl. ¶ 10.) However, as discussed above, there is no private right of action to enforce a furnisher's duty to report accurate information to credit reporting agencies under 15 U.S.C. § 1681s-2(a). *See Huertas*, *supra*, 2011 U.S. App. LEXIS 7397, at **11-16; *see also Martinez, supra*, 2008 U.S. Dist. LEXIS 94995, at *5. Therefore, to the extent that Plaintiff asserts a violation of 15 U.S.C. § 1681s-2(a), his claim is dismissed with prejudice.

  Plaintiff also fails to state a claim that Defendant breached its duty to investigate disputed credit information under 15 U.S.C. § 1681s-2(b). Plaintiff does not assert that he had any contact with the credit reporting agencies (Experian, Equifax, and Trans Union LLC) who allegedly reported the inaccurate information furnished by Defendant. Since Plaintiff did not notify the credit reporting agencies of his dispute, Defendant's duty to investigate the accuracy of Plaintiff's account information was not triggered, and Plaintiff fails to state a claim for relief under 15 U.S.C. § 1681s-2(b). *See Martinez, supra*, 2008 U.S. Dist. LEXIS 94995, at *6; *Bartley, supra*, 2010 U.S. Dist. LEXIS 64037, at *8.

### 2. State Common Law Claims

To the extent that Plaintiff asserts state common law claims of negligence and breach of contract against Defendant for its failure to furnish accurate information to credit reporting agencies, those claims are preempted by the FCRA.

Section 1681t(b)(1)(F) of the Act provides, *inter alia*, that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies." The Third Circuit has not yet resolved conflicting District Court holdings on the breadth of this provision's preemptive sweep; some courts have held that Section 1681t(b)(1)(F) preempts only state statutory causes of action (the "statutory" approach), while others have held that it preempts both state statutory and common law causes of action (the "total preemption" approach).[2] *See, e.g., Manno v. American General Finance Co.*, 439 F. Supp. 2d 418, 429 (E.D. Pa. 2006) (holding that Congress intended Section 1681t(b)(1)(F) to preempt only state statutory causes of action against furnishers of credit information); *see also DiPrinzio v. MBNA Am. Bank, N.A.*, 2005 U.S. Dist. LEXIS 18002, at **21-23 (E.D. Pa. Aug.

---

[2] Though no courts in this Circuit have so held, courts in other Circuits have held, under what is termed the "temporal approach," that Section 1681t(b)(1)(F) preempts state causes of action against furnishers of credit information as applied to the furnisher's conduct *after* receiving a notice of dispute from a credit reporting agency, but not as applied to a furnisher's conduct *prior* to such notice. *See, e.g., Kane v. Guar. Residential Lending, Inc.*, 2005 U.S. Dist. LEXIS 17052 (E.D.N.Y. May 16, 2005); *Aklagi v. Nationscredit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186 (D. Kan. 2002). As discussed in *Burrell*, this approach is untenable, because Section 1681t(b)(1)(F) makes no temporal distinctions; on the contrary, it applies to the entirety of the Section 1681s-2, which regulates the conduct of furnishers of information both prior to notice of dispute from a credit reporting agency (Section 1681s-2(a)), and after the receipt of notice from a credit reporting agency (Section 1681s-2(b)). Accordingly, there is no statutory basis for the view that Congress intended to preempt state laws regulating furnishers only with respect to conduct after the receipt of notice from a credit reporting agency.

24, 2005) (dismissing plaintiff's state statutory claim against a furnisher of credit information as preempted by Section 1681t(b)(1)(F), but allowing her common law negligence claim to proceed) (internal citations omitted); *but see, e.g., Burrell, supra*, 753 F. Supp. 2d at 451 (dismissing with prejudice plaintiff's state law claims, whether "couched in terms of common law or state statutory obligations," as barred by Section 1681t(b)(1)(F)); *Nonnenmacher v. Capital One*, 2011 U.S. Dist. LEXIS 35639, at **9-10 (D.N.J. Mar. 31, 2011) (dismissing plaintiff's state common law negligence and defamation claims against Capital One, a furnisher of credit information, as preempted by Section 1681t(b)(1)(F)).

This Court finds the "total preemption" approach set forth by Judge Debevoise in *Burrell* to be most faithful to the plain language and intended scope of Section 1681t(b)(1)(F).[3] The preemption provision explicitly applies to the entire section of the FCRA that regulates the duties of furnishers of consumer credit information, Section 1681i-2, and "makes that point doubly clear by providing that its preemptive effect covers claims 'relating to the responsibilities of any persons who furnish information to consumer reporting agencies.'" *Burrell*, 753 F. Supp. 2d at 451 (quoting 15 U.S.C. § 1681t(b)(1)(F)). The scope of Section 1681t(b)(1)(F)'s preemptive effect is such that "'[n]o requirement or prohibition'" relating to the duties of furnishers of information "'may be imposed under the laws of any State.'" *Burrell*, 753 F. Supp. 2d at 451. As the Supreme Court reasoned in *Cipollone v. Liggett Group, Inc.*, "[t]he phrase '[n]o requirement or prohibition' sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, those words easily encompass obligations that take

---

[3] Though Judge Debevoise did not term his interpretation the "total preemption" approach, other Courts have utilized the label. *See, e.g., Manno, supra*, 439 F. Supp. 2d at 424.

the form of common-law rules." 505 U.S. 504, 521, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992).[4] The broad preemptive language of Section 1681t(b)(1)(F) is also consistent with legislative history suggesting that Congress' main goal in enacting the statute was establishing uniform regulations for furnishers; this purpose would be frustrated by an interpretive approach which leaves state common law claims against furnishers unaffected. *See* CONG. REC. H8,122-2 (2003); *see also Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361 (E.D. Pa. 2001) (rejecting plaintiff's argument that Section 1681t(b)(1)(F) only preempts certain consumer-credit-related state causes of action, since holding otherwise would "defy the Congressional rationale for the elimination of state causes of action.")

Therefore, to the extent that Plaintiff raises claims of negligence or breach of contract in connection with Defendant's alleged failure to provide accurate account information to Experian, Trans Union LLC and Equifax, those claims are preempted by Section 1681t(b)(1)(F) of the FCRA, which bars all state law causes of action against furnishers of consumer credit information. Accordingly, Plaintiff's state common law claims are dismissed with prejudice

---

[4] Congress enacted Section 1681t(b)(1)(F) four years after *Cipollone* was decided, thus "it presumably knew that the phrase "requirement or prohibition" would be construed to include common-law duties." *Carruthers v. American Honda Finance Corp.*, 717 F. Supp. 2d 1251, 1256 (N.D. Fla. 2010) (citing *Edelman v. Lynchburg College*, 535 U.S. 106, 116-117, 122 S. Ct. 1145, 152 L. Ed. 2d 188 & n.13 (2002)).

## CONCLUSION

**For the reasons stated above, Defendant's motion to dismiss the Complaint is granted.  An appropriate form of Order will be filed together with this Opinion.**

       /s Stanley R. Chesler
   STANLEY R. CHESLER
   United States District Judge

Dated: November 4, 2011